Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

***Attorney for Plaintiff D.Z. Cook Company***

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.Z. Cook Company,<br><br>Plaintiff,<br><br>v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting,<br><br>Defendant. | **Case No. 3:26-mc-80262**<br><br>**PLAINTIFF D.Z. COOK COMPANY'S NOTICE OF MOTION AND MOTION TO QUASH THIRD-PARTY SUBPOENA** |

# NOTICE OF MOTION TO QUASH SUBPOENA

PLEASE TAKE NOTICE that on a date and time and in a courtroom to be determined, in the United States District Court for the Northern District of California, California Plaintiff D.Z. Cook Company ("D.Z. Cook") will and hereby does move the Court to quash a third-party subpoena duces tecum for both documents and testimony served upon D.Z Cook, or in the alternative, D.Z Cook moves the court to enter a protective order to protect D.Z Cook against the undue burden of testifying and producing documents best sought elsewhere. This motion is filed in this District because compliance with the deposition subpoena is to be in San Francisco, California. Fed. R. Civ. P. 45(d)(3), 26(c)(1). An amended notice of the specific date and time for the hearing will be served on all parties and their counsel once a case file has been opened.

Plaintiff is improperly attempting to depose non-party D.Z. Cook, relating to duplicative information best acquired through party discovery on Defendant, in the patent infringement lawsuit pending in the United States District Court for the Central District of California, *AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC (BFMx) ("Underlying Action"). Accordingly, the Court should quash the Subpoena or in the alternative enter a protective order limiting such discovery.

This motion is made pursuant to Federal Rules of Civil Procedure 26 and 45. Counsel for D.Z. Cook and Plaintiff in the Underlying Action met and conferred on the phone on August 10, 2026, but were unable to resolve the issues that are subject of this motion.

# I. **<u>INTRODUCTION</u>**

D.Z. Cook Company ("D.Z. Cook") respectfully moves to quash the deposition and document subpoena ("Subpoena") issued by Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO"), on the grounds that the Subpoena is unduly burdensome, in relation to the underlying related action, *AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, pending in the United States District Court for the Central District of California (Case No. 2:24-cv-08460-MWC (BFMx)) ("Underlying Action"). The Underlying Action is a lawsuit regarding patent infringement. D.Z. Cook is not a party to the Underlying Action. D.Z. Cook is an independent sales representative who has sold Nora's Pearl Products.

ELCO's Subpoena requests D.Z. Cook to produce documents and prepare for certain in-person testimony topics. Exhibit A (copy of subpoena). The requests center upon D.Z. Cook's sales of Nora Lighting Inc.'s ("Nora") products and communications with Nora as well as any comparison to a certain ELCO product:

> <u>TOPIC NO. 1:</u> The sales numbers, revenues, commissions, and geographical locations associated with Your sales of PEARL PRODUCTS since August 17, 2021, on a product-by-product basis and a month-by-month basis.
>
> <u>TOPIC NO. 2:</u> Communications, including with any sales representatives associated with Nora, relating to ELCO's Koto module, This Litigation, or the '326 Patent, including this subpoena.
>
> <u>TOPIC NO. 3:</u> Any comparisons of ELCO's Koto module with any PEARL PRODUCT(S).
>
> <u>TOPIC NO. 4:</u> The authenticity of any Documents You produce in response to this Subpoena.
>
> <u>REQUEST NO. 1:</u> Documents sufficient to show the revenues generated by sales of PEARL PRODUCTS since August 17, 2021, on a product-by-

product basis and a month-by-month basis.

REQUEST NO. 2: Commission statements and monthly sales reports reflecting sales of PEARL PRODUCTS since August 17, 2021, on a product-by-product basis and a month-by-month basis.

REQUEST NO. 3: Documents sufficient to show where PEARL PRODUCTS have been sold or delivered since August 17, 2021.

REQUEST NO. 4: All Documents and communications relating to ELCO's Koto modules, the '326 Patent or related patents, or This Litigation, including this subpoena.

REQUEST NO. 5: All Documents and communications comparing ELCO's Koto modules with PEARL PRODUCT(S).

*See generally* Exhibit A.

No good cause exists for service on non-party D.Z. Cook to obtain this information that should be sought from party-Nora. The requests of sales, communications, product comparisons, and authentication of such documents are requests which could be, and should be, fulfilled from Nora alone. Further, ELCO cannot show that it is unable to obtain the requested discovery directly from Nora, and instead apparently seeks to unduly burden non-party D.Z. Cook with document production and a deposition of its employee. As such, these requests are abusive to D.Z. Cook and were clearly sent as a way to harass one of Nora's sales representatives.

D.Z. Cook also wants to note that in the Underlying Action, it appears that Nora has yet to answer ELCO's amended complaint and the Court has held ELCO's summary judgment in abeyance to review Nora's pending motion to dismiss. Thus, given that the case is in the early pleadings stage, it would be prejudicial to order this discovery out of turn, essentially allowing ELCO to perform an "end run" around the discovery process in the action between the parties, to instead obtain such discovery from non-party D.Z. Cook.

Requiring D.Z. Cook to produce the numerous documents and prepare one of its employees for deposition in order to provide information best sought elsewhere imposes an unwarranted burden and expense which Federal Rule 26 is designed to prevent. On this ground, the Court should grant D.Z. Cook's motion to quash ELCO's subpoena or in the alternative enter a protective order limiting such discovery.

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Under Federal Rule of Civil Procedure 45, a party may subpoena a non-party to attend a deposition or to produce documents. Fed. R. Civ. P. 45(a). "The scope of discovery under Rule 45 is the same as under Rule 26(b)." *Waymo LLC v. Uber Techs., Inc.,* No. 17-cv-00939-WHA(JSC), 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017). "That said, the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Athalonz, LLC v. Under Armour, Inc.,* No. 23-MC-80324-LJC, 2024 WL 628846, at *5 (N.D. Cal. Feb. 14, 2024) (cleaned up) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir. 1982)). And "Rule 45 also requires '[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,' and instructs that 'the court for the district where compliance is required must quash or modify a subpoena that ... subjects a person to undue burden.'

Additionally, Rule 26 provides that the court must limit discovery that is 'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *In re Subpoena FaceTec, Inc.*, No. 221CV02252RFBBNW, 2024 WL 348829, at *2 (N.D. Cal. Jan. 30, 2024) (citing Fed. R. Civ. P. 45(d)(1)(A), (3)(A) and Fed. R. Civ. P. 26(b)(2)(C)(i)).

"In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests. When the requesting party has not shown that it attempted to obtain documents from the opposing party in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party. Further, when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Athalonz, LLC*, 2024 WL 628846, at *5-6 (citing *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (quashing a subpoena where the requesting party had not first sought the same materials from the opposing party, who would have been expected to have them)).

## III. <u>ARGUMENT</u>

### A. ELCO Improperly Seeks Information From a Non-Party That It Can Obtain From A Party

The Court should quash a non-party subpoena where the requesting party can obtain the same information from a party to the litigation. D.Z. Cook is not a party to the Underlying Action. In the Northern District of California, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests. *Athalonz, LLC*, 2024 WL 628846, at *5. Even if D.Z. Cook and Nora both possess documents, the documents should be sought from the party to the case, *i.e.* Nora. *Id.* ("[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to

the case.") When the requesting party has not shown that it attempted to obtain documents from the opposing party in an action prior to seeking the documents from a non-party, an undue burden arises. *See Athalonz, LLC*, 2024 WL 628846, at *5 ("When the requesting party has not shown that it attempted to obtain documents from the opposing party in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party); *In re Subpoena FaceTec*, 2024 WL 348829, at *2. In weighing the burden to the subpoenaed party, courts must quash or modify a subpoena that subjects an entity to undue burden. Here, each subject of the Subpoena is information ELCO can obtain from Nora, a party to the Underlying Action.

The Subpoena's topics and document requests center on D.Z. Cook's sales of Nora's PEARL PRODUCTS, D.Z. Cook's communications with Nora, any comparison between Nora's products and ELCO's Koto module and authentication of any such documents. Exhibit A. Taking each one of these categories in turn:

(1) the sales, commission, and geographic information concerning Nora's PEARL PRODUCTS is available from Nora itself. In fact, Nora would be the party which possess the most information regarding sales, commission, and geographic information concerning Nora's own PEARL PRODUCTS. Within Nora's possession will be at least the same records for the sales, commissions and geographic information possessed by D.Z. Cook and there's no basis to require a non-party to provide information that is otherwise in the possession, custody, and control of party-Nora.

(2) The communications "with any sales representatives associated with Nora" are, by definition, equally within Nora's possession, custody, or control. Nora possesses, at a minimum, the communications with D.Z. Cook but Nora more than likely possesses communications with other sales representatives associated with Nora. A similar request directed to Nora through party discovery

would thus yield, at a minimum, the same information D.Z. Cook can provide but importantly, the burden on non-party D.Z. Cook would be removed.

(3) The request for any comparison of ELCO's Koto module to a PEARL PRODUCT is again best sought from Nora, not D.Z. Cook. D.Z. Cook is a sales representative of Nora and has never sold a Koto product or conducted a comparison of Nora's products to ELCO's products. As such, D.Z. Cook has access to the market-ready design specification of the PEARL PRODUCT provided to it by Nora; D.Z. Cook does not have access to any detailed design specifications of ELCO's Koto product. Further, as the manufacturer of the PEARL PRODUCT, Nora will have the same market-ready design specification given to D.Z. Cook, but will also have earlier iterations of the PEARL PRODUCT. If anyone compared the products, it would be Nora, not D.Z. Cook.

(4) The request for authentication should also be directed to Nora. As detailed above, since the documents at issue should be obtained from Nora, Nora is therefore the party in the best position to identify, explain, and authenticate them. Requiring a non-party to authenticate those same materials imposes unnecessary burden and expense while offering little additional evidentiary value.

Because ELCO can obtain the same information from Nora without burdening the non-party, the Subpoena should be quashed. *See Athalonz, LLC*, 2024 WL 628846, at *5, *8; *In re Subpoena FaceTec*, 2024 WL 348829, at *2 ("conclude[ing] that it is improper for [a party] to seek documents from a non-party, [] when those documents appear to be available from defendant.").

Along with Nora being the best source for the documents and testimony requested, ELCO has taken no proactive step to mitigate the burden imposed on a non-party by first trying to seek the information from Nora, the opposing party. This is precisely what that makes the burden against D.Z. Cook undue—ELCO specifically choose to break from the proper avenue of party discovery to burden a non-party despite the requirement that a party "must take reasonable steps to

avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also In re Subpoena FaceTec*, 2024 WL 348829, at *2 (noting the subpoena is improper in part because "nothing in the record before the Court suggests that [the plaintiff] has asked [the defendant] for documents within the scope" of the request.) The testimony and documents would, at the very least, be cumulative and duplicative of testimony and documents obtained from a 30(b)(6) deposition against Nora.[1] This is precisely the circumstance in which courts decline to require a non-party to provide discovery that can be produced by a party. *See In re Subpoena FaceTec*, 2024 WL 348829, at *2.

Further, Topic No. 2 and Requests for Production No. 4 are also facially overbroad. Topic No. 2 broadly seeks testimony regarding communications relating to ELCO's Koto module, this litigation, and the '326 Patent, while Request 4 seeks "all" documents and communications concerning those subjects, without meaningful limitation to the Underlying Action. Such expansive requests impose a substantial burden on a non-party, particularly where ELCO has made no showing that D.Z. Cook possesses unique information unavailable from Nora and where the same discovery can be pursued through party discovery. *See id.*, at *3 (finding a request for "all communications" concerning a topic to be overbroad and unduly burdensome where it was not appropriately limited by subject matter or scope).

When balancing the factors, the value of the requested information to ELCO is minimal, as it duplicates discovery available from a party, but the requested information places an undue burden on D.Z. Cook—a non-party. This balance weighs decisively in favor of quashing. *See Athalonz, LLC*, 2024 WL 628846, at *8 (granting a motion to quash). In the alternative, this same balancing weighs in favor of a protective order to limit such undue requests. *See In re*

[1] It is D.Z. Cook's understanding that ELCO has yet to take a 30(b)(6) deposition of Nora.

*Subpoena FaceTec*, 2024 WL 348829, at *2-3 (granting a protective order).

## IV. CONCLUSION

D.Z. Cook respectfully requests that the Court quash ELCO's subpoena. ELCO seeks information from non-party D.Z. Cook it can readily obtain from Nora, a party to the Underlying Action. In the alternative, D.Z. Cook requests the Court to either modify the Subpoena in order to relieve D.Z. Cook of the burden from compliance with topics and requests seeking information obtainable from Nora or enter a protective order stipulating the same. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), 45(d)(3)(A). *See* Fed. R. Civ. P. 45(d)(3)(A).

DATED: August 17, 2026 By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Plaintiff*
*D.Z. Cook Company*

## CERTIFICATE OF CONFERENCE

Counsel for D.Z. Cook and ELCO conferred via teleconference on August 10, 2026, about the filing of this Subpoena on D.Z. Cook. D.Z. Cook explained to ELCO that the requested information was available from Nora and proposed that ELCO pursue its requests through party discovery. Counsel for ELCO declined to withdraw or narrow the subpoena. Instead, counsel for ELCO indicated that it intended to proceed with the requests for both documents and testimony found in the Subpoena. Such a posture necessitated this motion.

DATED: August 17, 2026 By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Plaintiff*
*D.Z. Cook Company*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On August 17, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**PLAINTIFF D.Z COOK COMPANY'S MOTION TO QUASH**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on August 17, 2026, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell