Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorney for Defendant,*
*AMP Plus, Inc. d/b/a ELCO Lighting*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

D.Z. Cook Company,

Plaintiff,

v.

AMP Plus, Inc. d/b/a ELCO Lighting,

Defendant.

Case No. 4:26-mc-80262

**ELCO LIGHTING'S OPPOSITION TO D.Z. COOK'S MOTION TO QUASH THIRD-PARTY SUBPOENA**

Magistrate Judge: Hon. Ajay S. Krishnan

DISCOVERY MATTER

**REDACTED VERSION**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................... 1
II. BACKGROUND ..................................................... 2
III. LEGAL STANDARD ..................................................... 6
IV. ARGUMENT ..................................................... 6
A. ELCO's Subpoena Seeks Relevant Documents and Information. .............. 7
B. The Subpoena Requests Information That Nora Either Does Not Have or Refuses to Produce. ..................................................... 8
C. Cook Has Not Provided Any Other Basis for Its Purported Undue Burden. ..................................................... 12
V. CONCLUSION ..................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Athalonz, LLC v. Under Armour, Inc.*,
No. 23-MC-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024) ......... 9, 11

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
998 F.3d 1320 (Fed. Cir. 2021) .............................................................. 7

*Crocs, Inc. v. Int'l Trade Comm'n*,
598 F.3d 1294 (Fed. Cir.2010)................................................................ 8

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
No. 12-CV-080082-LHK PSG, 2012 WL 1980361
(N.D. Cal. June 1, 2012) ...................................................................... 6, 13

*In re Subpoena FaceTec, Inc.*,
No. 221CV02252RFBBNW, 2024 WL 348829 (N.D. Cal. Jan. 30, 2024) ...... 12

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
No. 23-MD-03084-CRB (LJC), 2024 WL 3416644
(N.D. Cal. July 14, 2024)................................................................... 6, 9, 11

*Liu v. Win Woo Trading, LLC,*
No. 14-CV-02639-KAW, 2016 WL 661029 (N.D. Cal. Feb. 18, 2016)............. 6

*Pascal v. Concentra, Inc.*,
No. 19-CV-02559-JCS, 2020 WL 4923974 (N.D. Cal. Aug. 21, 2020) ............. 5

*Viacom Int'l, Inc. v. YouTube, Inc.*,
No. C 08-80129 SI, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008).................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................ 4, 5

Fed. R. Civ. P. 12(c)...................................................................................... 4

Fed. R. Civ. P. 26 .......................................................................................... 9

Fed. R. Civ. P. 45 ...................................................................................... 6, 9

Respondent AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") by and through the undersigned counsel, hereby opposes Petitioner D.Z. Cook Company's ("Cook") motion to quash the subpoena served on its by ELCO (the "Motion," NDCA Dkt.[1] 1).

## I. INTRODUCTION

Cook's Motion to quash ELCO's subpoena (the "Subpoena") rests on the erroneous notion that ELCO can and must obtain the discovery it seeks from Nora Lighting, Inc. ("Nora," the defendant in the underlying action[2]). With fact discovery coming to a close, Nora has failed to produce documents in the underlying litigation in California. At the same time, Cook (*i.e.*, Nora's sales representatives who is represented by Nora's counsel) insists that Cook should not produce discovery, either. As an initial matter, this Court need not, and indeed, should not, consider the merits of this Motion because the Motion should be transferred to the Central District of California, where the Underlying Action is pending, as set forth in ELCO's motion to transfer. NDCA Dkt. 5. But regardless of whether this Motion is heard before this Court or the Central District of California, Cook's arguments fail.

In arguing that ELCO should be required to obtain the information it seeks from Nora, Cook omits several key facts. First, it omits that much or all of the information ELCO requests in the Subpoena is not, in fact, available from Nora on its face. Second, Cook omits that ELCO has already requested information from Nora (through documents and depositions), but has been repeatedly rebuffed. Third, Cook leaves out that fact discovery in the Underlying Action is due to close in less

---

[1] Cites to "NDCA Dkt." refer to filings in this miscellaneous action. Cites to "Dkt." refer to filings on the Underlying Action (defined below).

[2] *AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFM (C.D. Cal.) (the "Underlying Action").

than a three weeks, on September 25, 2026. The case is far from the "early pleadings stage" as claimed by Cook. Indeed, Cook's entire motion is based on the assumption that ELCO will somehow be able to seek additional fact discovery from Nora after the fact discovery cutoff, even though there has been no indication from the court in the Underlying Action that this will be the case. It also must be noted that Cook has not pointed to any concrete evidence of burden or expense due to the Subpoena—Cook clearly views any degree of compliance with the Subpoena at all as unduly burdensome. But this is not the standard for burden on a motion to quash. To be sure, none of these arguments justify Cook's wholesale refusal to produce a single document or make anyone available for deposition.

Accordingly, in the event that this Court does not grant ELCO's request to transfer, ELCO requests that this Court deny the Motion in full and order Cook to comply with the document and deposition requests therein expeditiously.

## II. BACKGROUND

ELCO filed the Underlying Action on October 1, 2024, against Nora Light, Inc. ("Nora") for willful infringement of U.S. Patent No. 11,092,326 ("'326 Patent"). ELCO makes and sells lighting fixtures, including the Koto system, a high-end residential LED downlight system. Dkt. 89 ("FAC") ¶¶ 1, 6-7.[3]

Nora also sells lighting fixtures, including the "Pearl LED Retrofit Series LED downlights" ("Pearl"). *Id.*, ¶¶ 15-16. The Pearl infringes at least claims 15 and 19 of the '326 Patent. The FAC alleges that Nora itself directly infringes the '326 Patent, and that it has induced customers, distributors, and other third parties to infringe the '326 Patent by making, using, offering for sale, and selling the Pearl. *Id.*, ¶¶ 146-149, 156.

---

[3] An unredacted copy of the FAC as filed in the Underlying Action is filed herewith as Ex. A.

The FAC further provides detailed allegations concerning Nora's willful infringement and copying of ELCO's patented Koto product. *See* FAC ¶¶ 14-35. [redacted] *Id.* ¶ 18. As confirmed by engineer Danny Duong, [redacted] *Id.* ¶¶ 19-22; *see also* NDCA Dkt. 6-4 (Duong Dep.) at 36:5-37:6. Engineer Duong even admits [redacted] FAC ¶¶ 24-25; NDCA Dkt. 6-4 (Duong Dep.) at 209:9-17. Further, [redacted]. FAC ¶ 26; NDCA Dkt. 6-4 (Duong Dep.) at 35:24-36:4; Ex. B (NORA_0000095) at -102.

Cook (*i.e.*, the petitioner here) is one of Nora's sales representatives[4] for the infringing Pearl products, and the Complaint includes extensive allegations implicating Nora's sales representatives. The Complaint alleges, among other things, that Nora "indirectly" infringes the '326 Patent by contributing to and inducing infringement through third parties, including "distributors." FAC ¶¶ 39, 146-47. In other words, Cook is one of the "direct infringers" supporting ELCO's claim against Nora for indirect infringement. *See* FAC ¶¶ 39, 41, 146-47, 156-57 (identifying "distributors" as direct infringers). ELCO also provided cease-and-desist letters to Nora's sales representatives, which were forwarded to Nora. *Id.* ¶ 41. Further, internal Nora documents show that [redacted]

[4] Although they are not always the same, the terms "distributors" and "sales representatives" are sometimes used interchangeably.

[redacted] FAC ¶¶ 33-35; NDCA Dkt. 6-4 (Duong Dep.) at 187:25-189:25; Ex. B (NORA_0000095) at -102. [redacted] FAC ¶ 35; Ex. B (NORA_0000095) at -101.

In the Underlying Action, Nora answered and filed counterclaims on December 30, 2024.[5] Dkt. 19. Among other things, Nora asserts that the asserted claims of the ’326 Patent are invalid as "obvious" over certain prior art referenced in its Counterclaim. *Id.* at ¶¶ 50-100.

The parties submitted their joint Rule 26(f) conference report on February 21, 2025. Dkt. 27. Plaintiff then served written discovery, including interrogatories and requests for production of documents before the end of February 2025. Nora served its own written discovery requests in early March 2025. In lieu of formal contentions, the parties also agreed to serve infringement and invalidity contentions in response to interrogatories, which the parties provided in March and April 2025.

On May 27, 2025, Nora moved to stay the Underlying Action based on its petition for *ex parte* reexamination. Dkt. 38. Over ELCO's objection, the Court in the Underlying Action (the "CDCA Court") granted the motion to stay on June 30, 2025. Dkt. 49. After reexamination concluded on March 23, 2026, the CDCA Court lifted the stay (Dkt. 68; Dkt. 73) and entered a new case schedule setting a fact discovery cutoff of September 25, 2026 and trial date of March 22, 2027. NDCA Dkt. 5-1 at 3. That schedule remains the operative one in the Underlying Action.

Meanwhile, Nora filed a Rule 12(c) motion on May 8, 2026. Dkt. 71. On June 25, 2026, the CDCA Court granted Nora's Rule 12(c) motion, on the ground that the allegations in ELCO's complaint were a "near-exact recitation of the terms of

---

[5] Notably, Nora did not at that time file any Rule 12(b)(6) motion challenging the specificity of ELCO's complaint.

Claim 1 of the Patent," but ruled that amendment was not futile and granted ELCO leave to file an amended complaint and a renewed motion for summary judgment. Dkt. 88 at 8-9. In the same Order, the Court also rejected Nora's argument on the merits for judgment on the pleadings. *Id.*

ELCO filed its Amended Complaint on July 16, 2026. Dkt. 89. ELCO also continued to pursue discovery in light of the September 25 fact discovery cut-off. Even though Nora answered the original complaint and ELCO did not assert any new claims, Nora filed a Rule 12(b)(6) motion to dismiss on July 30, 2026. Dkt. 101; *see Pascal v. Concentra, Inc.*, No. 19-CV-02559-JCS, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020) (citing cases and declining to hear Rule 12(b)(6) challenge to amended complaint). The CDCA Court has not stayed discovery or vacated its scheduling order.

On or around August 7, 2026, ELCO served subpoenas on four of Nora's sales representatives, including Cook. Ex. C (copies of subpoenas). On August 10, 2026, Nora's counsel (K&L Gates LLP) advised that it would be representing the four sales representatives in connection with the subpoenas. Without producing a single document or deposition witness, Nora's counsel explained that all four sales representatives will move to quash all four subpoenas.

On August 17-18, 2026, each subpoena recipient, through Nora's counsel, moved to quash the subpoenas in their respective districts.[6] NDCA Dkt. 1; Ex. D (motions to quash). Those motions are currently pending in the Southern District of Florida, District of Colorado, Central District of California, and here.

[6] *Slater Lighting Sales, Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting*, Case No. 9:26-mc-81009-EA (S.D. Fla.); *In re Subpoena to Lindzey Martucci Company LLC*, Case No. 1:26-mc-00149-CNS-KAS (D. Colo.); *Porter Lighting Sales Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting*, Case No. 2:26-mc-77 (C.D. Cal.).

On September 2, 2026, ELCO and Cook filed a Joint Letter, pursuant to this Court's Standing Rules, in connection with ELCO's request to transfer Cook's Motion to Quash to the CDCA Court. NDCA Dkt. 5. That request remains pending.

## III. LEGAL STANDARD

"Rule 45 provides that a court must modify or quash a subpoena that, among other things, fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3416644, at *2 (N.D. Cal. July 14, 2024) "Subpoenas are [] subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are 'nonprivileged [and] . . . relevant to a party's claim or defense.'" *Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2016 WL 661029, at *1 (N.D. Cal. Feb. 18, 2016). On a Rule 45 motion to quash a subpoena, "the party who moves to quash has the burden of persuasion," while "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-CV-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012).

Notably, "Rule 45 does not require that a requesting party exhaust party discovery before seeking discovery from a nonparty." *In re Uber*, 2024 WL 3416644, at *3. Indeed, "[t]here is [] 'no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession.'" *Id*.(citing *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008)).

## IV. ARGUMENT

Cook's Motion does not contest that the Subpoena seeks information relevant to the Underlying Action. Instead, it rests solely on assertions of undue burden. As

shown below, Cook's argument that the Subpoena is inherently burdensome simply because ELCO might theoretically be able to obtain some of the requested information from Nora fails, and Cook has not established any other specific basis for its claim of undue burden. ***To be sure, Cook fails to justify its refusal to produce a single document or a witness for deposition on any topic.*** Accordingly, Cook's Motion should be denied and Cook should be ordered to comply with the Subpoena.

**A. ELCO's Subpoena Seeks Relevant Documents and Information.**

It is undisputed that ELCO's Subpoena seeks relevant documents and information that are properly the subject of discovery. For example, the Subpoena requests documents and testimony regarding the revenue, sales, and commissions for the Pearl, communications about ELCO's Koto module, the Underlying Action, and the '326 Patent, and any comparisons of the Koto and the Pearl. NDCA Dkt. 1-1 at Attachment A. These documents and information are relevant to some of the most fundamental issues in the case including direct infringement (as a component of indirect infringement), lost profits (including sales of the infringing Pearl as a substitute for ELCO's Koto product), willfulness (including copying of ELCO's Koto product). *See* FAC ¶¶ 14, 31-35, 43, 143, 146-49. Indeed, Cook is one of the "direct infringers" supporting ELCO's claim against Nora for indirect infringement. *See* FAC ¶¶ 39, 41, 146-47, 156-57 (identifying "distributors" as direct infringers); *see also Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) (indirect infringement requires a showing of underlying "direct" infringement by a third party").

The Subpoena also seeks information that is likely to refute Nora's invalidity defense and counterclaim based on "obviousness." As the Federal Circuit has explained, objective indicia of non-obviousness can be highly indicative of non-obviousness, including evidence of copying a patented product or feature and/or

commercial success that accompanies that copying.[7] Based on information produced to date, Nora's sales representatives (including Cook) are likely to have documents and information [redacted] This is not merely conjecture. As noted above, [redacted] FAC ¶ 30.

In light of the foregoing, it is unsurprising that Cook fails to dispute the relevance of the documents and information sought by ELCO's Subpoena.

### B. The Subpoena Requests Information That Nora Either Does Not Have or Refuses to Produce.

Cook's primary argument is that the Subpoena is *de facto* burdensome because ELCO theoretically could obtain the information it seeks through the Subpoena from Nora, rather than from Cook. This is wrong for two reasons: ***first***, Nora does not have custody or control over much of the information ELCO seeks through the Subpoena, and ***second***, Nora has refused wholesale to provide any additional discovery to ELCO, despite the upcoming fact discovery cutoff of September 25, 2026.

As to the ***first*** point, Cook's argument fails because it is clear from the plain language of the Subpoena that ELCO seeks information that cannot be obtained from Nora.

---

[7] *See Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1311 (Fed. Cir. 2010) (copying can be a "form of flattering praise for inventive features").

Regarding Topic No. 1 and Request Nos. 1-3, which seek sales, revenues, commissions, and location of Cook's sales of the Pearl since August 2021, even if it were correct that Nora possesses all the information sought (and Cook does not provide any basis for its assertions that Nora does), Nora has failed to or affirmatively refused to produce such information. *See* Ex. E (Nora's First Supplemental Responses to ELCO's First Set of Requests for Production of Documents). And with respect to Topic No. 2 and Request No. 4 (communications about the Koto, the Underlying Action, and the '326 Patent), the information sought is not limited to communications with ***Nora***, nor is it limited only to written or ESI communications. Thus, emails, phone calls or oral discussions between Cook employees would be responsive to this topic, and Nora would not be party to that information. Regardless, Nora has not produced ***any*** communications with Cook. Topic No. 3 and Request No. 5 seek comparisons of ELCO's Koto module with Nora's Pearl products. Other sales representatives have been directly involved in such communications and analyses. FAC ¶¶ 32-35. Such information is directly relevant to ELCO claims, including its claims for indirect infringement, assessments of lost profits, nonobviousness and willfulness—all within the bounds of Rule 26, and much ***cannot*** be obtained from Nora.

Regarding the ***second*** point, nothing in Rule 26 or Rule 45 mandates that ELCO exhaust all possible party discovery before serving non-party subpoenas. *See In re Uber*, 2024 WL 3416644, at *3 (no requirement that requesting party "exhaust party discovery before seeking discovery from a nonparty"). Cook itself essentially concedes that ELCO need only "attempt[] to obtain" discovery from its party opponent. *See* Mot. at 5 (citing *Athalonz, LLC v. Under Armour, Inc.*, No. 23-MC-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024)).

In any event, ELCO has tried to get the information that potentially overlaps with the Subpoena from Nora—in fact, ELCO served RFPs relating to Nora's sales

representatives in February 2025, but Nora objected to those requests. ELCO met and conferred with Nora, and Nora provided supplemental responses in June 2025 that maintained its refusal to produce documents in response to the relevant requests. Ex. E.[8] In further negotiations, Nora has been vague as to what searches it has conducted and whether further productions are forthcoming. ELCO served additional document requests in early August 2026, but Nora failed to serve any responses at all to those requests, which were due to be answered on September 3, 2026, nor did it request an extension to do so. Ex. F (ELCO's Second Set of Requests for Production of Documents). And while ELCO continues to seek compliance from Nora, ELCO is also permitted to seek such discovery elsewhere.

Further, while ELCO has not yet taken a Rule 30(b)(6) deposition of Nora's corporate representative(s) (although it served a Rule 30(b)(6) notice as of September 4, 2026, seeking to depose Nora's corporate representative on September 18, 2026), Cook leaves out that Nora has blocked ELCO from deposing three other Nora witnesses by moving for a protective order in the Underlying Action. Mot. at 8 n.1; Dkt. 111. Most recently, Nora has taken the (novel) position that fact discovery in the Underlying Action is "not open" as a result of the Court's June 25, 2026 order granting Nora's Rule 12(c) motion—a view that has ***not*** been

---

[8] Specifically, Request 8 (seeking documents sufficient to identify sales reps/distributors selling the Pearl), 9 (Nora's communications with distributors/sales reps regarding offers to sell the Pearl), and 15 (communications relating to ELCO and/or its Koto module) potentially overlap with information requested by the Subpoena. Nora initially refused to produce any documents in connection with Requests 8 and 9, and later supplemented to state that it has provided "a breakdown of customer sales information by customer." Ex. E at 8-9. Nora produced only a single document in response to Request 15. *Id.* at 12-13. Nora has refused to provide any insight into how it searched for documents (*e.g.*, custodian or search metrics). Request 34 also seeks communications regarding pre-suit communications with sales representatives relating to the '326 Patent. Ex. F at 2. Nora has not responded to that document request at all.

endorsed by the CDCA Court. Dkt. 131 at 1. To be clear, the CDCA Court has never stayed all discovery in the Underlying Action.

Even if (as Cook contends) ELCO were required to seek documents from Nora before seeking them from Cook and even if Nora was in possession of all responsive documents (both of which are incorrect), ELCO has pursued those efforts extensively. Nora's failure to provide discovery only further justifies ELCO's attempts to seek discovery from non-parties in advance of the September 25, 2026, discovery cut-off in the Underlying Action. *See, e.g.*, *In re Uber*, 2024 WL 3416644, at *4 (noting that plaintiffs attempted to obtain discovery from Uber "for months," but that "Uber has yet to begin producing documents responsive to Plaintiffs' First Set of Requests for Production . . . , though the deadline to complete substantial production is less than two months away").

The case law cited by Cook is far afield from the facts here. In particular, Cook's repeated citations to *Athalonz*, 2024 WL 628846, are inapposite and unavailing. First, the *Athalonz* Court noted that fact discovery was not due to close for approximately eight months, leaving "ample time for Athalonz to pursue depositions and document discovery from Under Armour." *Id.* at *8. Less than three weeks remain in the fact discovery period in the Underlying Action here. Second, in *Athalonz*, the factual connection between the nonparty and the defendant was not yet established. *See In re Uber*, 2024 WL 3416644, at *3 (distinguishing *Athalonz* on ground that it involved "a factual dispute as to the extent of the involvement of nonparty Steph Curry, a four-time champion National Basketball Association (NBA) player, in designing and developing the allegedly infringing Under Armour shoes at issue in a patent case" and that it was "particularly appropriate there for Athalonz to first obtain discovery from its party opponent because [s]uch discovery [could] be expect to reveal Curry's involvement"). Here, in contrast, ELCO seeks information specifically relevant, *inter alia*, to its indirect infringement claims

against Nora, which necessarily relate direct infringement by sales representatives like Cook.

And in *In re Subpoena FaceTec, Inc.*, the Court expressly stated that "nothing in the record before the Court suggests that FaceTec has asked iProov for documents within the scope of Request No. 1. Rather, it appears that FaceTec has only served interrogatories on iProov." No. 221CV02252RFBBNW, 2024 WL 348829, at *2 (N.D. Cal. Jan. 30, 2024). That is obviously not the case here. Cook also relies on *FaceTec* to support its argument that Topic No. 2 and Request No. 4 are "facially overbroad." Mot. at 7. But unlike in *FaceTec*, 2024 WL 348829, at *3, Cook has not even attempted to argue that "all communications" relating to the Koto module, the Underlying Action, or the '326 Patent will capture documents that "have nothing to do with [ELCO's] claims in the [Underlying Action.]" *See id.* To the contrary, Cook implies elsewhere that it does not have responsive information because it "has never sold a Koto product." Mot. at 6. Nor does Cook proffer any explanation for why it would possess documents or communications about the Underlying Action or the '326 Patent in a context unrelated to ELCO's claims.

### C. Cook Has Not Provided Any Other Basis for Its Purported Undue Burden.

More fundamentally, Cook fails to substantiate any "burden" in producing documents, much less testimony. Aside from complaining that ELCO must first obtain discovery from Nora, Cook provides no specific or particular explanation for the purported burden imposed by the Subpoena.

For example, while Cook asserts that it "has never sold a Koto product," Mot. at 6, Cook does not deny that it sells the infringing Pearl products. Cook also fails to explain what searches it has conducted to support its assertion that it never "conducted a comparison of Nora's productions to ELCO's products." *Id.* And if true, that would *lessen* any burden on Cook.

Cook also suggests, with no basis, that the Subpoena is "abusive" and was served to "harass one of Nora's sales representatives." Mot. at 2. Tellingly, Cook does not suggest that the requested information is irrelevant, despite noting Rule 26 (in conjunction with Rule 45) allows discovery that is "relevant to any party's claim or defense." *See* Mot. at 3.

Ultimately, Cook makes no serious argument ELCO's the Requests involve a burdensome number of documents or raise any other difficulties for compliance, such as by providing a dollar amount or estimate of time required for compliance. *See EON*, 2012 WL 1980361, at *2 n.11 (denying motion to quash where movant "ha[d] not shown any undue burden beyond mere speculation and attorney argument" and only "note[d] that its burden in complying with the subpoena would be an 'extreme' one").

## V. CONCLUSION

For the foregoing reasons, ELCO respectfully requests that the Court deny Cook's Motion in full.

DATED: September 8, 2026 By: */s/ Guy Ruttenberg*

Guy Ruttenberg
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com

*Attorney for Defendant,*
*AMP Plus, Inc. d/b/a ELCO Lighting*