UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

D.Z. COOK COMPANY,

Plaintiff,

v.

AMP PLUS, INC. D/B/A ELCO LIGHTING,

Defendant.

Case No. 26-mc-80262-ASK

**ORDER GRANTING DEFENDANT ELCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Re: Dkt. No. 6

Defendant AMP Plus, Inc., doing business as ELCO Lighting, ("ELCO") filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to Civil Local Rule 79-5(f). Dkt. 6 ("Mot."). The attorney for third party Nora Lighting, Inc. ("Nora") submitted a declaration in support of ELCO's Motion. Dkt. 7 ("Decl."). Having considered this Declaration and the unredacted portions of the provisionally sealed documents, the Court rules on ELCO's Motion as follows.

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). This right gives rise to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). To overcome this presumption, a party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *id.*). In determining whether this burden has been met, courts consider all relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d

United States District Court
Northern District of California

at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). Upon considering such factors, "the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad*, 49 F.3d at 1434).

Nora has satisfied its burden. The passages it seeks to seal describe the processes whereby it developed certain of its products and include discussion of factors and strategies relating to design, patents, personnel, and competition. Ninth Circuit District Courts regularly find that preventing the exposure of such confidential product and market analysis suffices to justify sealing. *See, e.g.*, *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting sealing where the party demonstrated that the information to be sealed was "confidential, technical, and proprietary"); *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3–*4 (S.D. Cal. Feb. 21, 2014) (granting sealing of market research, sales data, and other confidential business material). Here, the interest in preventing competitive harm to Nora outweighs the interest in public access and justifies sealing. *See Nixon*, 435 U.S. at 597 (noting that courts refuse to make public "sources of business information that might harm a litigant's competitive standing" and collecting cases).

Finding the "compelling reasons" standard satisfied, the Court GRANTS ELCO's Administrative Motion. *Kamakana*, 447 F.3d at 1178.

**IT IS SO ORDERED.**

Dated: September 9, 2026

AJAY KRISHNAN
United States Magistrate Judge