Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Plaintiff D.Z. Cook Company*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.Z. Cook Company,<br>Plaintiff,<br>v.<br>AMP Plus, Inc. d/b/a ELCO Lighting,<br>Defendant. | Case No. 4:26-mc-80262-ASK<br><br>**DECLARATION OF ERIK J. HALVERSON IN SUPPORT OF ELCO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. 9)** |

I, Erik Halverson, declare as follows:

1) I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of K&L Gates LLP, attorneys for Third-party Nora Lighting, Inc. ("Nora"). If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by K&L Gates LLP in the regular course of its representation of Nora. I submit this declaration in support of ELCO's Application for Leave to File under Seal (Dkt. 9) and pursuant to L.R. 79-5(f)(3).

2) On September 8, 2026, ELCO filed its Motion for an order to seal portions of ELCO's Opposition/Response regarding D.Z. Cook's Motion to Quash (Dkt. 9).

3) Under the compelling reasons standard, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. C'ty & C'nty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

4) Information that is related to the technical business of a party is properly sealed to prevent competitive harm. *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal "proprietary technical business information that is not already in the public domain"). Similarly, information tied to product and market analysis is similarly treated. *Algarin v. Maybelline, LLC*, No. 12-cv-3000-

AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal "compilation of sales data, market research, consumer research, advertising data and marketing strategy").

**ELCO's Opposition/Response Exhibit A and Exhibit B**

5) The redacted portions of ELCO's Opposition/Response (Dkt. 9-3) appear at 3:3–12, 3:23–4:4, and 8:3–10; Exhibit A (Dkt. 9-4) at 3:13, 4:1–6:20, 12:25–27, 13:3–18, 14:9–12, 14:24–15:7, 16:10–11, 17:6–11, 17:1–11, 19:8–24, 19:27, 20:1–2, 20:4–5, 20:6–7, 20:9, 20:15, 21:5, 21:12–14, 21:16, 21:18, 21:22, 22:26, 22:28, 25:27, 26:2–3; and Exhibit B (Dkt. 6-5) in its entirety.

6) The redacted passages of ELCO's Opposition/Response are all narrowly tailored to statements designated as "Confidential" made by Nora Lighting, Inc. ("Nora") under the Protective Order entered in the underlying action, *AMP Plus, Inc. d/b/a ELCO Lighting v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.) (the "Underlying Action").

7) The below table provides specificity as to the subject matter sought to be sealed and the basis for that request:

| Specific Portion Sought to be Sealed | Explanation |
|---|---|
| ELCO's Opposition/Response (Dkt. 9-3) at 3:3–12, 3:23–4:4, and 8:3–10. | This passage describes the process that Nora undertook when designing its Pearl Product and is both proprietary technical information as well as product and market analysis. This is addressed in more detail in paragraph 8 below.<br>This passage also serves no purpose other than to publicize Nora's confidential information out of spite. |

| Specific Portion Sought to be Sealed | Explanation |
| --- | --- |
| | *See* Paragraph 9 below. It has minimal to no relevance to the issue at hand in the brief and mirrors, almost verbatim, the subject matter the court in the Central District of California has permitted to be sealed in multiple documents. *See e.g, AMP Plus, Inc. d/b/a ELCO Lighting v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.) (Dkt. 129). |
| Highlighted Portion of Exhibit A (Dkt. 9-4) at 3:13, 4:1–6:20, 12:25–27, 13:3–18, 14:9–12, 14:24–15:7, 16:10–11, 17:6–11, 17:1–11, 19:8–24, 19:27, 20:1–2, 20:4–5, 20:6–7, 20:9, 20:15, 21:5, 21:12–14, 21:16, 21:18, 21:22, 22:26, 22:28, 25:27, 26:2–3. | These passages quote and paraphrase deposition testimony of a Nora employee regarding Nora's Pearl product and the process that Nora undertook when designing its Pearl Product and is both proprietary technical information as well as product and market analysis. This is addressed in more detail in paragraph 8 below.<br>This passage also serves no purpose other than to publicize Nora's confidential information out of spite. *See* Paragraph 9 below. It has minimal to no relevance to the issue at hand in the brief and mirrors the exact subject |

| Specific Portion Sought to be Sealed | Explanation |
|---|---|
| | matter the court in the Central District of California has permitted to be sealed in multiple documents. *See e.g, AMP Plus, Inc. d/b/a ELCO Lighting v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.) (Dkt. 96). This information also mirrors the exact subject matter this Court has permitted sealing. *See* Dkt. 10. |
| Exhibit B (Dkt. 9-5). | This exhibit is email correspondence regarding the process that Nora undertook when designing its Pearl Product and is both proprietary technical information as well as product and market analysis. This is addressed in more detail in paragraph 8 below.<br>This exhibit also serves no purpose other than to publicize Nora's confidential information out of spite. *See* Paragraph 9 below. It has minimal to no relevance to the issue at hand in the brief and closely resembles the subject matter the court in the Central District of California has permitted to be sealed in multiple documents. *See* |

| Specific Portion Sought to be Sealed | Explanation |
|---|---|
| | *e.g, AMP Plus, Inc. d/b/a ELCO Lighting v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.) (Dkt. 129) |

8) As set forth in *Algarin*, 2014 WL 690410, at *3, information tied to product and market analysis is properly sealed to prevent competitive harm. The deposition testimony referenced in ELCO's filings relates to Nora's assessment of its own product and Nora's analysis of the lighting module market. These redactions are justified because disclosure would reveal Nora's design priorities and areas Nora has/had under active investigation. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) ("[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal. (citing *Nixon v. Warner Comm'cns, Inc.,* 435 U.S. 589, 597 (1978))). Further, other portions of Mr. Duong's testimony are related to the technical business of Nora's past design choices. *See Treehouse Avatar*, 2019 WL 291664, at *2 (sealing "proprietary technical business information that is not already in the public domain"). ELCO should not be allowed to circumvent the confidentiality already applied to Mr. Duong's deposition to protect Nora's design choices, market positioning, and development priorities. Disclosure could give competitors, such as ELCO, unfair insight into Nora's strategy and operations.

9) Additionally, as set forth in *Kamakana*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, ***such as the use of records to gratify private spite***,

promote public scandal, circulate libelous statements, or release trade secrets." Redacted portions in ELCO's filings are directed towards promoting private spite between the parties through various conclusory allegations that have little to no bearing on ELCO's actual filing.

10) Similar information was already found to be sealed by the Court in the orders in *AMP Plus, Inc. d/b/a ELCO Lighting v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.) at Dkts. 46, 96, 121 and 129, and should be sealed again here.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of September 2026, at San Francisco, California.

*/s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Third-party*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause. On September 14, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 9)**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Bruce Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Defendant, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on September 14, 2026, in San Francisco, California.

By: */s/ Erik J. Halverson*
Erik J. Halverson