United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.Z. COOK COMPANY,<br>Plaintiff,<br>v.<br>AMP PLUS, INC. D/B/A ELCO LIGHTING,<br>Defendant. | Case No. 26-mc-80262-ASK<br>**ORDER GRANTING MOTION TO SEAL AND REQUEST TO TRANSFER**<br>Re: Dkt. Nos. 1, 5, 9 |

There are three motions pending before the Court: (1) Plaintiff D.Z. Cook's Motion to Quash Third-Party Subpoena (Dkt. 1, "Motion to Quash"); (2) Defendant AMP Plus, Inc.'s ("ELCO") Request to Transfer Motion to Quash Pursuant to Fed. R. Civ. P. 45(f) (Dkt. 5, "Request to Transfer"); and (3) ELCO's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 9, "Motion to Seal"), which pertains to portions of ELCO's Opposition to the Motion to Quash (Dkt. 8) and Exhibits A and B thereto.

The Court GRANTS the Motion to Seal. A party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). In determining whether this burden has been met, courts consider all relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). Here, counsel for third party Nora Lighting, Inc. ("Nora") submitted a declaration in support of ELCO's Motion to Seal. Dkt. 11. Nora's showing there satisfies its burden. The passages Nora seeks to seal describe the processes whereby it developed its "Pearl

Product" and include discussion of proprietary design and patent information. Ninth Circuit District Courts regularly find that preventing the exposure of such information suffices to justify sealing. *See, e.g.*, *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting sealing where the party demonstrated that the information to be sealed was "confidential, technical, and proprietary"). Here, the interest in preventing competitive harm to Nora outweighs the interest in public access and justifies sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (noting that courts refuse to make public "sources of business information that might harm a litigant's competitive standing" and collecting cases).

The Court also GRANTS the Request to Transfer. Federal Rule of Civil Procedure 45(f) provides that courts may transfer motions like D.Z. Cook's Motion to Quash "if the court finds exceptional circumstances." The 2013 Advisory Committee Note to Rule 45 provides with respect to determining "exceptional circumstances" that:

> [t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note. Here, ELCO served subpoenas on four Nora sales representatives, and all such representatives filed "near-identical" motions to quash—each in a different district. Request to Transfer at 1–2. Two additional such motions have subsequently been filed with respect to additional similar subpoenas. Dkt. 14 at 2. At least three of these motions have been transferred or re-assigned to the court handling the underlying litigation in the Central District of California. *See* Dkt. 13 at 1; Dkt. 14 at 1; *see also AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC-BFMx (C.D. Cal.). The similarity of the various motions to quash, the dispersion of them across districts, and the fact that several of them have already been transferred to the issuing court mean that the interest in allowing that court to

United States District Court
Northern District of California

manage the underlying litigation far outweighs D.Z. Cook's interest in obtaining resolution of its subpoena in this District. Accordingly, exceptional circumstances favor transferring the Motion to Quash to the Central District of California. The Court GRANTS ELCO's Request to Transfer.

**IT IS SO ORDERED.**

Dated: October 13, 2026

AJAY KRISHNAN
United States Magistrate Judge